## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

|  |  |  |
|---|---|---|
| ERIN WILSON, on behalf of herself and others similarly situated, | : : : : | Case No. |
| Plaintiff, | : : : | |
| v. | : : : | |
| WISE UP FINANCIAL LLC | : : : | |
| Defendant. | : : : : | |
| _____/ | | |

## CLASS ACTION COMPLAINT

Plaintiff Erin Wilson (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans "outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers" *id.* § 2(6), and sought to

strike a balance between "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms" *id.* § 2(9).

2.    "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have

suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.    Plaintiff bring this action to enforce the consumer-privacy provisions of the TCPA alleging that Wise Up Financial LLC ("Defendant") made telemarketing calls to numbers on the National Do Not Call Registry, including her own.

4.    The Plaintiff also brings this action under Georgia state law, Georgia's Telephone Solicitations Act (O.C.G.A. § 46-5-27 et seq.) ("GTSA") regulates telemarketing and prohibits calls to Georgia residents on the state or national DNC list.

5.    Because telemarketing campaigns typically use technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

6.    A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and GTSA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## **PARTIES**

7.    Plaintiff is a natural person who at all relevant times resided in this District.

8.    Defendant is a corporation headquartered in Texas.

## JURISDICTION AND VENUE

9.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. The Court also has supplemental jurisdiction over the GTSA claims because they are based on the same telemarketing calls at issue.

10.    The Court has specific personal jurisdiction because the Defendant made the telemarketing calls at issue into this District.

11.    Venue is proper pursuant to 28 U.S.C. § 1391(b) because the telemarketing calls that are the subject of this lawsuit were received in this District.

## BACKGROUND

12.    § 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

13.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2).

14.    A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

15.    The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made.    47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

16.    In addition to the federal protections afforded by the Telephone Consumer Protection Act, Georgia has enacted its own laws regulating telephone solicitations.

17.    The Georgia Telephone Solicitations Act, O.C.G.A. § 46-5-27, was adopted to protect Georgia residents from unwanted, harassing, and intrusive sales calls.

18.    The statute makes it unlawful for any person or entity to make a telephone solicitation to a residential, wireless, or mobile telephone subscriber in Georgia who has registered their number on the National Do Not Call Registry or the Georgia Do Not Call List. O.C.G.A. § 46-5-27(c).

19.    The Georgia statute expressly incorporates the National Do Not Call Registry, ensuring that numbers listed on the national list are protected from telemarketing calls in Georgia.

20.    Like the TCPA, the Georgia law provides a private right of action. A consumer may bring an action to enjoin further violations and to recover statutory

damages of $1,000 for each violation, in addition to attorney's fees and costs, where applicable.

## FACTUAL ALLEGATIONS

21.    Plaintiff is the regular and sole user of telephone number (404) XXX-XXXX.

22.    Plaintiff uses telephone number (404) XXX-XXXX as a personal residential number.

23.    Plaintiff does not have a landline.

24.    Plaintiff has no other telephone numbers she uses for personal purposes.

25.    Plaintiff has a personal telephone plan through T-Mobile, which is paid for by the Plaintiff.

26.    Plaintiff does not use telephone number (404) XXX-XXXX for business or commercial purposes.

27.    Plaintiff registered telephone number (404) XXX-XXXX with the DNC Registry on June 19, 2024.

28.    In January 2026, Plaintiff's privacy was interrupted by multiple unsolicited telemarketing calls from Defendant.

29.    First, on January 20, 2026 the Defendant sent the following text to the Plaintiff:



30.    The Plaintiff is not Chintan and made no such request.

31.     On January 21, 2026, the Plaintiff got a telemarketing live call from the Defendant.

32.     The Defendant offered the Plaintiff supplemental Medicare plans where the Plaintiff would pay a fee for the Defendant to find her insurance coverage.

33.     The Plaintiff informed the Defendant that they were not calling the right person and ended the call.

34.     Despite this, the Plaintiff received another call from the same number that had previously called her, 346-570-0776.

35.     Indeed, individuals have posted that number as associated with the Defendant     as     part     of     their     marketing     practices.     *See*     *e.g.* https://www.facebook.com/emilyn.trevino/posts/the-team-has-really-been-stepping-up-educating-our-vietnamese-communities-while-/10109095791053865/

36.     Defendant placed the calls for the commercial benefit of selling its insurance services.

37.     Defendant's business model relies on outbound marketing campaigns, and the calls made to Plaintiff were part of this structured effort to generate new customers.

38.     These calls qualified as telemarketing.  47 C.F.R. § 64.1200(f)(12).

39.     Plaintiff is a resident of Georgia.

40.     The calls were received by Plaintiff in Georgia.

41.    Defendant's calls violated O.C.G.A. § 46-5-27 because Plaintiff's number was registered on the National Do Not Call Registry, which Georgia law adopts.

42.    Plaintiff and all members of the class defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were subjected to annoying and harassing calls that constitute a nuisance.  The calls also occupied Plaintiff's and class members' telephone lines from legitimate communication.

## CLASS ACTION ALLEGATIONS

43.    Plaintiff seeks certification of the following classes ("the Classes") pursuant to Fed. R. Civ. P. 23(b)(2) and/or (b)(3):

**Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

**GTSA Subclass:** All persons in the State of Georgia (1) whose telephone numbers were on the National Do Not Call Registry and/or the Georgia Do Not Call List for at least 31 days, (2) but who nevertheless received one or more telemarketing calls from or on behalf of Defendant, (3) within a 12-month period, (4) from the four years prior to the filing of the complaint through the date of trial.

44.    The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, their subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant has been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

45.    **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

46.    **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

(a)    Whether Defendant's conduct violated the TCPA

(b)    Whether Defendant's conduct violated the GTSA; and

(c)     whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

47.    **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and have retained counsel competent and experienced in class actions. The Plaintiff have no interests antagonistic to those of the Classes, and Defendant have no defenses unique to the Plaintiff. The Plaintiff and their counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes and have the financial resources to do so. Neither the Plaintiff nor their counsel have any interest adverse to the Classes.

48.    **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Classes and as wholes, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff' challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation

necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## COUNT I
### Telephone Consumer Protection Act
### (Violations of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the National Do Not Call Registry Class)

49.    Plaintiff repeats and incorporates the allegations set forth in the prior paragraphs as if fully set forth herein.

50.    The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

51.    The Defendant's violations were negligent, willful, or knowing.

52.    As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

53.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## COUNT II
### Violation of the Georgia Telephone Solicitations Act
### (O.C.G.A. § 46-5-27 et seq.)
### (On Behalf of Plaintiff and the Georgia Subclass)

54.     Plaintiff repeats and incorporates the allegations set forth in the prior paragraphs as if fully set forth herein.

55.     Georgia law prohibits the making of telephone solicitations to any residential, wireless, or mobile telephone subscriber in Georgia whose number is included on the National Do Not Call Registry or the Georgia Do Not Call List. O.C.G.A. § 46-5-27(c).

56.     At all relevant times, Plaintiff's telephone number, (404) XXX-XXXX, was listed on the National Do Not Call Registry, and Plaintiff is a Georgia resident entitled to the protections of O.C.G.A. § 46-5-27.

57.     Despite these protections, Defendant and/or its affiliates, agents, or other persons or entities acting on Defendant's behalf made multiple unsolicited telephone solicitations to Plaintiff and members of the Georgia Subclass.

58.     Each such telephone solicitation was made without Plaintiff's or Subclass members' prior express consent, and in violation of Georgia law.

59.    Defendant's violations of O.C.G.A. § 46-5-27 were willful and knowing, as evidenced by (a) the repeated nature of the calls despite Plaintiff's number being on the National Do Not Call Registry, and (b) Defendant's continuation of calling after Plaintiff affirmatively stated that she was not the intended recipient and asked not to be called again.

60.    Pursuant to O.C.G.A. § 46-5-27, Plaintiff and the Georgia Subclass are entitled to recover injunctive relief, statutory damages of $1,000 per violation, and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.    Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry;

B.    That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

C.    That the Court enter a judgment awarding Plaintiff and all subclass members statutory damages of $1,000 for each violation of the GTSA;

D.    An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing Classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes; and

E.    Such other relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all triable issues.

DATED this 2nd day of February, 2026.

*/s/ Valerie Chinn*
Valerie Chinn, Georgia Bar No. 248468
Attorney at Law
CHINN LAW FIRM, LLC
245 N. Highland Ave.
Suite 230 #7
Atlanta, GA 30307
Direct:  404-955-7732
Email:  vchinn@chinnlawfirm.com

Anthony I. Paronich *
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: (617) 485-0018
anthony@paronichlaw.com

*Counsel for Plaintiff and the proposed class*

*\* Pro hac vice application to be filed*